Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Attorneys for Plaintiff AMBROSIO VELASQUEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSIO VELASQUEZ, | CASE No. **'14CV0064 LAB KSC** |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |
| vs. | |
| EQUABLE ASCENT FINANCIAL, LLC, and CIR LAW OFFICES, LLP, | |
| Defendants. | JURY DEMANDED |

## INTRODUCTION

1. Plaintiff Ambrosio Velasquez, also known as Ambrosio Velasquez Gomez, through his counsel, brings this action to challenge the acts of Equable Ascent Financial, LLC (hereinafter "Equable") and CIR Law Offices, LLP ("CIR")(collectively, "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

/ / /

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6.     This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and in the case of Defendant Equable t, of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7.     As Defendants do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8.     Venue is proper as Equable does business in the County of San Diego, the acts at issue took place in the County of San Diego.

## PARTIES

9.     Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Equable is a Delaware limited liability company, based in Illinois and doing business in the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant CIR is a California limited liability partnership, or other California entity, based in San Diego, California, and doing business in the state of California.

12. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Defendant Equable, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. Defendants claim that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CAUSES OF ACTION

17. On January 17, 2013, on behalf of Defendant Equable, Defendant CIR filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Mr. Velasquez, in the matter of Equable Ascent Financial, LLC v Ambrosio Velasquez, et al, case number 37-2013-00030628-CL-CL-CTL ("State Court Action").

18. A copy of this January 17, 2013 State Court Complaint is attached hereto as Exhibit A.

19. In the above January 17, 2013 State Court Complaint, later served on Mr. Velasquez, Defendants alleged that Mr. Velasquez promised to pay Equable for "goods, wares and merchandise sold and delivered" to Ms. Velasquez.

20. In fact, Mr. Velasquez did not ever promise to pay Equable any amount, nor did Equable deliver any goods, wares or merchandise to Mr. Velasquez.

21. Defendants did not list any creditor other than Equable in the above January 17, 2013 State Court Complaint, and by doing so Equable represented that Equable was in fact the "original creditor," or the party issuing credit, to Mr. Velasquez.

22. The "least sophisticated debtor" would in fact be confused or mislead as to the identity of the "original creditor" on the account alleged by Equable in the above January 17, 2013 State Court Complaint.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA by Equable and CIR)

23. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

24. Defendants Equable and CIR violated the FDCPA. Defendants' violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    c. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

25.    Plaintiff is entitled to actual damages sustained as a result of Defendants' conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k.*

### SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by Equable)**

26.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

27.    Based on information and belief, Defendant Equable's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13.*

28.    Based on information and belief, Defendant Equable's violations of *California Civil Code § 1788.17*, which incorporate several of the provisions of the FDCPA, include, but are not limited to, the following:

 a.    *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

 b.    *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

 c.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

29.    Equable also violated the Rosenthal Act at Civil Code § 1788.13 by making a false representation that the debt alleged may be increased by the addition of attorney's fees, when in fact no such fees may legally be charged.

30.    Defendant Equable's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b).*

31.    As a proximate result of the violations of the Rosenthal Act committed by Defendant Equable, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00

each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant Equable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Equable, and pray for the following relief:

1.    An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants Equable and CIR and for the Plaintiff;

2.    An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants Equable and CIR and for the Plaintiff;

3.    An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant Equable and for Plaintiff;

4.    An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant Equable and for Plaintiff;

5.    An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants Equable and CIR, and pursuant to California Civil Code § 1788.30(c) against Defendant Equable; and

6.    Such other and further relief this court may deem just and proper.

JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

DATED: January 6, 2014

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff

Complaint